IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALBERT C. BURGESS, JR.
    Petitioner,

vs.                                                     Case No.: 5:11cv64/RS/EMT

PAIGE AUGUSTINE,
    Respondent

---

**ORDER and REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 4). Respondent has filed a response (doc. 8), and Petitioner has replied and filed an incorporated motion for Rule 11 sanctions (doc. 10). Petitioner's motion for sanctions will be denied. And, for the reasons that follow, the undersigned recommends that the petition be dismissed without prejudice for Petitioner's failure to properly exhaust his administrative remedies and due to his pending direct appeal.

Background

Petitioner is a federal inmate currently incarcerated in the Federal Correctional Institution at Marianna, Florida. He was convicted in the Western District of North Carolina of violating 18 U.S.C. § 2252(A)(4)(B) & (A)(2), an offense which involved possession of materials involving sexual exploitation of minors and knowingly receiving by computer visual depiction of such materials. He was sentenced to a term of 292 months imprisonment, followed by supervised release for life and ordered to pay a $200 special monetary assessment and restitution totaling $305,219.86 (doc. 8, declaration of Laura McNeill, attachment 3, Judgement and Commitment Order at 2, 3 & 4). His case is currently pending on appeal before the Fourth Circuit (doc. 4 at 2). The essence of Petitioner's argument is that the Bureau of Prisons ("BOP") has improperly ordered him to pay $200 per month in restitution, contrary to his Judgment and Commitment Order, which he states

required payments of $50.00 per month upon his release (*id.* at 3). He asserts that "once his conviction is reversed" he has no chance of recovering this money (*id.*). He also claims that the BOP's determination of the required monthly payment is in violation of due process and BOP policy (*id.* at 4). Finally, he asserts that imposition of restitution violates United States v. Booker, 125 S.Ct. 738 (2005) and that the total amount of restitution is excessive (*id.* at 4–5). As relief, Petitioner asks that the restitution amount be stayed for an unspecified period of time, or that the district court's restitution order be stricken. Respondent urges that the petition be denied as Petitioner has failed to exhaust his administrative remedies and alternatively, because it fails to state a claim.

## Exhaustion

Although the statutory exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions, it is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632, 634 (2d Cir. 2001) (addressing § 2241 petition); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) (discussing habeas petitions in general); United States ex rel. Sanders v. Arnold, 535 F.2d 848, 850–51 (3d Cir. 1976) (same); Willis v. Ciccone, 506 F.2d 1011, 1014–15, n.3 (8th Cir. 1974) (same). "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison, or when a petitioner seeks to challenge an agency action in court. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citations omitted) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit, and distinguishing such cases from habeas actions filed by state inmates under § 2254 and habeas actions filed by members of military forces convicted by special courts-martial); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citing United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (district court lacked jurisdiction to hear

petition of alien who had not exhausted available administrative remedies and who had not shown that administrative remedy will not provide relief commensurate with his claim).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.16. Initially, prisoners must seek resolution of issues informally. *Id.* at § 542.13(a). If unsuccessful, an inmate must then, with some exceptions, file a formal written Administrative Remedy Request (BP-9) with the institution. *Id.* at § 543.14. If dissatisfied with the response, the inmate may appeal to the Regional Director (BP-10). *Id.* at § 542.15(a). Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP. *Id.* Each of these steps is generally required to satisfy the exhaustion prerequisite. Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending. Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990).

In this case, Petitioner admits that he has not properly exhausted his administrative remedies prior to filing suit. His case is therefore subject to dismissal on that ground. Petitioner argues in his initial petition that exhaustion is a "Court created requirement made to slow down petitions," is "unconstitutional," and "is not required by law" (doc. 4 at 3, 4, 5). In his reply he argues that attempts at exhaustion would be futile (doc. 10 at 4).[1] Regardless of Petitioner's—or even this court's—view of the exhaustion requirement as applied to habeas petitions, it is mandated by the case law set forth above. Petitioner's conclusory assertion that he should be excused from the exhaustion requirement because exhaustion would be futile is not well-taken. This district court has recognized that the § 2241 exhaustion requirement is judicially created, not statutorily, and that judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, although "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951, at *1 (N.D. Fla. July 12, 2008) (citing Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. 2006)

---

[1] Part of Petitioner's argument regarding futility is based on Respondent's alleged "bad faith." As evidence of this he cites declarant Laura McNeil's failure to "even read what she signs under penalty of perjury," noting that the heading of her declaration reflects an incorrect case style (doc. 10 at 4; doc. 8, declaration of Laura McNeil). A proof-reading error, particularly relating to a non-substantive detail, does not present proof of anything sinister, much less "bad faith."

("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."); Winck, 327 F.3d at 1300 n.1. Furthermore, even if a futility exception were available, Petitioner has alleged no grounds for invoking it in this case. He apparently bypassed the administrative grievance procedure in its entirety as his first correspondence to the court is dated less than six months from the date of his Judgment and Commitment Order. His assertion of futility could be raised by virtually any other habeas petitioner, and thus he has not met his burden of establishing "extraordinary circumstances" justifying waiver of the exhaustion requirement, assuming that judicial waiver of the exhaustion requirement is available. *See* Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[ ]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim") (quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)); *see also* Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (holding that the BOP's alleged failure to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust).

The court also notes that it does not have jurisdiction to consider Petitioner's attack on the propriety of the restitution order entered by the trial court. The Eleventh Circuit has expressly held that "a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding absent exceptional circumstances." Dohrmann v. United States, 442 F.3d 1279, 1280–81 (11th Cir. 2006) (citing Cani v. United States, 331 F.3d 1210, 1213–14 (11th Cir. 2003)). "Exceptional circumstances" are those "analogous to a showing of 'cause and actual prejudice' such as would render reviewable a constitutional claim asserted for the first time in a habeas petition." Cani, 331 F.3d at 1213–14 & n.2. Again, Petitioner has articulated no such exceptional circumstances justifying a collateral attack of his restitution order, particularly since his direct appeal is still pending.

Finally, the court notes that Petitioner urges that this matter be stayed pending his direct appeal (doc. 10 at 4) rather than dismissed. A stay is not warranted as it would not resolve the jurisdictional defect precipitated by his failure to exhaust his administrative remedies. *See*

Meagher v. Dugger, 737 F. Supp. 641, 643 (S.D. Fla. 1990); Krist v. Eichenlaub, No. 5:09cv143/RS/MD; 2009 WL 4397225 (N.D. Fla. 2009) (citing Meaghan), *aff'd* 386 Fed. Appx. 920 (11th Cir. 2010).

Accordingly, it is **ORDERED**:

Petitioner's motion for sanctions (doc. 10) is **DENIED**.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 4) be **DENIED and DISMISSED without prejudice.**

At Pensacola, Florida, this 6th day of July 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**